IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAMMIEN CHOPP, § | | |
| TDCJ-CID NO. 1172243 § | | |
|     Petitioner, § | | |
| § | | |
| V. § | | C.A. NO. C-04-686 |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutional Division, § | | |
|     Respondent. § | | |

# MEMORANDUM AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

In this habeas corpus action, petitioner Sammien Chopp challenges the findings and punishment assessed him at a disciplinary hearing held on March 30, 2004. Mr. Chopp was found guilty of assaulting an officer and disobeying an order. (D.E. 14, at 2). His punishment included the loss of 180 days of good time credits, the loss of 45 days of commissary and recreation privileges, 15 days in solitary confinement, and retention in line class from L2 to L3. (D.E. 1, at 5). Respondent moved for summary judgment on the petition for writ of habeas corpus. (D.E. 14). Petitioner failed to file a response to the motion for summary judgment.

For the reasons stated herein, it is respectfully recommended that this motion

for summary judgment be granted.

## I. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 2241 and § 2254.

## II. BACKGROUND

The Director has lawful custody of Mr. Chopp pursuant to a judgment and sentence of the 297th Judicial District of Tarrant County, Texas, in cause numbers 0869688D and 0847376D. (D.E. 15, at cover 2). On May 29, 2003, Mr. Chopp plead guilty to two counts of felony possession of a controlled substance, namely, cocaine. Id. He was sentenced to two terms of three years imprisonment to be served in the TDCJ-CID. Id.

Mr. Chopp is not complaining about his underlying conviction, but challenges the findings of the disciplinary hearing. (D.E. 1, at 5). On March 30, 2004, he was disciplined for allegedly assaulting an officer without a weapon, a Level 1, Code 3.3 offense, resulting in a non-serious injury and failing to follow an order to lie down on the ground on March 26, 2004, a Level 2, Code 24.0 offense. DHR at 1.[1] He was found guilty of both offenses, but was punished only for the assault. Id. He received a loss of 180 days of good time credits, the loss of 45 days of commissary and recreation privileges, 15 days of solitary confinement, and

---

[1] Records relating to the disciplinary hearing held on March 30, 2004 are identified at "DHR," and the records relating to Mr. Chopp's grievance records are identified as "DGR."

retention in line class from L2 to L3.  Id.

In response to the findings and punishment assessed against him at the disciplinary hearing, Mr. Chopp filed a Step One grievance, which was denied. DGR at 1-2.  He then filed a Step Two grievance, which was also denied.  Id. at 3-4. He filed the instant habeas corpus action on November 22, 2004.

### III.  PETITIONER'S ALLEGATIONS

In his petition, Mr. Chopp asserts his due process rights in the following manner:

1. Sergeant Fisk intentionally assaulted him by stomping and kicking him while he lay on the ground.  (D.E. 1, at 7).

2. Sergeant Fisk made false statements in his offense report that resulted in improper charges being brought against Mr. Chopp in the disciplinary action.  (D.E. 1, at 7).

3. His counsel substitute did not conduct an adequate investigation and failed to represent him adequately at the disciplinary hearing.  (D.E. 1, at 7).

4. Prison staff and the hearing officer acted conspiratorially to charge and find him guilty at the disciplinary hearing because he witnessed the assault of another inmate by Sergeant Fisk and other officers.  (D.E. 1, at 8).

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

A federal writ of habeas corpus from an individual in state custody challenging a prison disciplinary action shall not be granted unless the individual has exhausted his administrative remedies. 28 U.S.C. § 2254(b); Rourke v. Thompson, 11 F.3d 47, 49 n.6 (5th Cir. 1993); Gatrell v. Taylor, 981 F.2d 254, 258 n.3 (5th Cir. 1993) (inmate challenging disciplinary hearing must first exhaust the TDCJ grievance procedures).

The exclusive administrative remedy for inmates asserting a claim of relief against the criminal justice department that arises while in custody, is the inmate grievance system. Tex. Gov't Code Ann. § 501.008(a) (West 2005). Mr. Chopp appealed the findings and punishment assessed him in the disciplinary hearing by filing a Step One grievance on March 31, 2004, which was denied on April 30, 2004. DGR at 1-2. He then filed a Step Two grievance on May 26, 2004, which was denied on August 3, 2004. DGR at 3-4.

A prisoner challenging a disciplinary action may properly file a federal habeas case without state court review. Spaulding v. Collins, 867 F. Supp. 499, 502 (S.D. Tex. 1993) (prison disciplinary actions are not reviewable by state courts, and therefore, may be brought as federal habeas claim). The respondent concedes that Mr. Chopp has exhausted the administrative remedies for his first, second, and fourth claims, but argues that Mr. Chopp has not exhausted his third claim,

4

inadequate counsel, because it was never raised in state proceedings. (D.E. 14, at 3-4). A review of the state records submitted to this Court, including the records from the disciplinary hearing and grievances, reveals that Mr. Chopp has not previously asserted his third claim in state proceedings.

Respondent further argues that Mr. Chopp's claim of inadequate counsel is also procedurally barred. (D.E. 14, at 4). TDCJ rules and regulations provide a two-step appellate process. TDCJ, Offender Orientation Handbook 52 (2004). The TDCJ regulations provide 15 days from the day the complained of incident occurred, in the present case petitioner is challenging the disciplinary hearing findings, to file a Step One grievance. Id. If the petitioner is unhappy with the resolution of his Step One grievance, the inmate then has 15 days from the date of the warden's signature to file a Step Two grievance. Id.

Mr. Chopp's disciplinary hearing was held on March 30, 2004. His attempt to file a grievance based on inadequate counsel in November 2004 is untimely. A petitioner, who has failed to exhaust his state remedies and would now be procedurally barred from seeking state relief, is also precluded from receiving federal habeas review. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). The determination of whether or not Mr. Chopp has exhausted his state administrative remedies, in relation to his third claim, is not required to dispose of his federal petition because notwithstanding a petitioner's failure to exhaust state remedies, an

application for writ of habeas corpus may be denied on the merits. 28 U.S.C. § 2254(b)(2).

It is respectfully recommended that the Court find Mr. Chopp has exhausted his first, second, and fourth claims at the state level, but has failed to exhaust state remedies for his third claim, inadequate counsel at the disciplinary hearing, and therefore, is barred from seeking federal habeas relief for that claim. Finally, as discussed below, it is respectfully recommended his writ be denied on its merits.

## V. **STANDARD OF REVIEW**

**A.    Federal habeas corpus review.**

To warrant federal habeas corpus review, a state prisoner must satisfy two jurisdictional prerequisites: first, that he is in custody, and second, that his claims challenge the constitutionality of that custody.[2] 28 U.S.C. § 2241(c)(3), § 2254(a); see also Gray v. Lynn, 6 F.3d 265 (5th Cir. 1993) (state prisoner must assert a violation of a federal constitutional right to obtain review of state decision pursuant to 28 U.S.C. § 2254); Boyd v. Scott, 45 F.3d 876 (5th Cir. 1994) (a federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States). Appropriate habeas corpus claims are those that call into question the fact, length, or conditions of the petitioner's custody and seek an immediate or speedier release.

---

[2] See 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (1998) (identifying the two jurisdictional prerequisites as "custody" and "substance, or federal question").

See Preiser v. Rodriguez, 411 U.S. 475 (1973); Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam).

### B. Motion For Summary Judgment.

Rule 56 of the Federal Rules of Civil Procedure applies to habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000). Summary judgment is appropriate when there is no disputed issue of material fact and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all reasonable inferences in favor of the party opposing the motion. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). The controverted evidence must be viewed in the light most favorable to the non-movant and all reasonable doubts must be resolved against the moving party. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate. Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of South Houston, 922 F.2d 1183, 1187 (5th Cir. 1991). The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden but must set forth material controverted facts in his response to the motion for summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995); Celotex, 477 U.S. at 322-23.

## VI. **DISCUSSION**

### A. Habeas Petition Must Establish a Violation of a Due Process Right.

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2554. The Supreme Court has held that states may create liberty interests, vested in its inmates, which are protected by the Due Process Clause. Sandin v. Conner, 515 U.S. 472, 484 (1995). The Supreme Court further held:

> these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

8

prison life.

Id. (internal citations omitted).

The Fifth Circuit has determined, however, that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). It is clear that "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin, 515 U.S. at 478. The focus is on whether the penalties imposed by the state are the type of atypical, significant deprivations which create a liberty interest. Id. at 484.

### B. Mr. Chopp's Claims.

Mr. Chopp alleges violations of his due process rights occurred at the disciplinary hearing because the charges were based on false statements by Sergeant Fisk, the prison staff and the hearing officer conspired against him to find him guilty, his counsel substitute did not conduct an adequate investigation and failed to adequately represent him at the hearing, and Sergeant Fisk intentionally assaulted him. (D.E. 1, at 7-8).

A prison disciplinary hearing is not part of a criminal prosecution, and therefore, "the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The Supreme Court held

9

that due process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges, at least 24 hours before the hearing; (2) a written statement by the fact finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses in his defense, if not unduly hazardous to institutional safety or correctional goals.  Id. at 564-66.

Based on a review of the records, it appears the State did follow the due process requirements set out by the Supreme Court in Wolff.  Mr. Chopp was provided with notice of his disciplinary hearing on March 30, 2004, which he waived.  DHR at 1.  He was also informed of his right to present documentary evidence, call and question witnesses, as well as call and question the charging officer.  Id. at 6.  He did not request any witnesses be present at the hearing to testify on his behalf, or offer any documentary evidence to support his assertion of innocence, at the disciplinary hearing.  Id.  Finally, Mr. Chopp was provided with a report of the disciplinary hearing along with evidence relied on by the hearing officer and the reason for the actions taken.  Id. at 1.

Mr. Chopp alleges his due process rights were deprived because his counsel substitute did not conduct an adequate investigation and failed to adequately represent him at the disciplinary hearing.  This claim is wholly without merit.  The Supreme Court has held inmates do not have the right to counsel at disciplinary

proceedings. Wolff, 418 U.S. at 570. Accordingly, Mr. Chopp did not possess a constitutional right to counsel, and therefore, cannot complain he received inadequate assistance from counsel at his hearing. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (holding a respondent, who does not have a constitutional right to counsel, cannot be deprived of effective counsel).

Mr. Chopp's other allegations, alleged report falsification by Sergeant Fisk, and the existence of a conspiracy between prison officials to find him guilty, also lack merit. He alleges Sergeant Fisk falsified his report because he was trying to save face in the disciplinary proceedings because he had assaulted Mr. Chopp. (D.E. 1 at 7). Mr. Chopp also alleges that Sergeant Fisk and others engaged in a conspiracy to find him guilty because he had witnessed Sergeant Fisk and other officers assault another inmate. (D.E. 1 at 8). Notwithstanding these allegations, Mr. Chopp has presented no evidence to support his allegations. The Fifth Circuit noted "[a]lthough pro se habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).

Mr. Chopp's final claim is that Sergeant Fisk intentionally assaulted him by kicking and stomping on his body while he was on the ground. (D.E. 1, at 7). Respondent argues Mr. Chopp's assault claim is not a ground on which federal habeas relief can be granted because it does not challenge his conviction or

sentence, and therefore, is more properly brought pursuant to 42 U.S.C. § 1983. (D.E. 14, at 9). In his offense report, Sergeant Fisk stated he employed a minor use of force against Mr. Chopp after observing him running in an aggressive manner toward an altercation that was occurring between another inmate and officers. DHR at 2. Sergeant Fisk also reported that after Mr. Chopp refused his order to lie on the ground, he pushed Mr. Chopp back with an open hand to his chest. Id. Nothing provided in the record besides Mr. Chopp's conclusory allegations support a finding that Sergeant Fisk intentionally assaulted Mr. Chopp by kicking and stomping on his body.

Mr. Chopp's claims fail to establish a violation of any constitutional right. He has failed to meet his burden to set forth material controverted facts supported by more than mere allegations raised in initial pleadings. Anderson, 477 U.S. at 248-49. Therefore, Mr. Chopp is not entitled to habeas relief.

## VII. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment be granted. Mr. Chopp's petition for habeas relief should be dismissed with prejudice because his third claim is procedurally barred and all of his claims lack merit.

Respectfully submitted this 19th day of September 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).